Please call the next case. The next case is 4-15-0152, Gerald Weaver v. Peter Overhead-Dorr v. Kellogg v. Danz v. Brad Ellman. May it please the court, counsel, my name is Warren Danz, and I'll keep this argument as brief as I can. Basically, the record shows that in January of 2009, the arbitrator awarded 50% of a man for Gerald Weaver. February 23rd, the full commission entered a new decision affirming the arbitrator, but a strong dissent by Commissioner Mellon Mason. Our office then appealed it to Macon County Court. Judge Weber entered an order remanding it back to the commission with specific information or directions to consider the case in view of the dissenting opinion of Commissioner Mellon Mason, the opinions of the petitioners treating physicians, and the lack of concrete and specific evidence of realistic alternative employment available to the petitioner. Consequently, it was set back for oral arguments. In July 11, 2012, the new decision was entered. That's the new decision that awarded total permanent disability. That decision then was appealed back to the Circuit Court, which affirmed it, and then it came to the Appellate Court, which reversed it and reinstated the award of the original arbitrator back in February 23rd, 2010. Our office appealed – I'm sorry, filed a petition for 19-H on November 6, 2013. Our argument is that the appeal from November 6, 2013 should go back to the decision of June 30, 2011. That is the decision that was appealed by the respondent, and that's within the 30 months. The counsel in this case has argued, and the motion was granted, that the time for towing the statute should go back all the way to February 23rd, 2010, which is the original decision. Isn't that what the law provides? I'm sorry? Isn't that what the case law provides? It goes back to the original decision. It's not affected by subsequent reviews. Isn't that what Big Muddy, Coal, and Iron says? Well, my argument is that this is a new decision on June 30, 2011. But that's not the one you're wanting to modify. I'm sorry? That's not the one you're wanting to modify. You're wanting to modify the original one that was reinstated. I mean, you wouldn't be here or be worried about it if you still had permanent total, right? Right. So it's the 50% man as a whole that you want to claim has increased. Well, we want to claim additional benefits under the 19-H that we filed. But the point I'm making is that the commission dismissed our 19-H because they said the time for towing of the statute goes back way back to the first decision. Right. And that's what Big Muddy says. And that's what the New York Press says. My understanding is it goes back to the last decision of the commission. And it's not with the Supreme Court? What case law do you have that says that? This is what's stated in the brief. This was handled by Mike Myers. Okay. But the point of it is there's no judicial understanding in this case because why would our office file a 19-H with a total permanent pending? Because Big Muddy Coal Supreme Court decision says that you've only got a period of time from that original decision despite pending. If that's the case, then I guess what we need to start doing is just filing frivolous 19-Hs every time a case goes to the Supreme Court. Well, it wouldn't have been frivolous if you'd have filed it within 30 months of the original decision. It wouldn't have been frivolous and you'd be before the commission making a claim. Well, what would I be claiming if I'd have filed it while the total permanent is pending? What would I claim? Well, you'd be filing it in case what might have happened, which is that this court ultimately held that the original commission decision was not against the manifest weight and it was reinstated. Well, here's another argument. You'd be hedging against that possibility. The other argument is that the decision on June 3, 2011 is a new decision. The commission reissued that decision. That's a decision that was appealed when it was reversed by the court. Well, your argument has some logic, Mr. Danz, but unfortunately that's not what the Supreme Court said in that case and that's what we have to go on. Something's got to be rectified because here's another factor. If I'd have filed an appeal on a 19-H while the case was pending on a total permanent, I would have opened up the whole field for the respondent to come in and defend a 19-H and possibly knock out my total permanent. Does that make any sense? You know, that could almost be a problem for me with my client to do that. So that's what this court is telling me to do. I have to file 19-Hs any time a case is on appeal. I think we can safely say it's the Supreme Court that has already said that's what you have to do. Well, my only argument is that the decision of the commission is June 30, 2011, and that should be the total of the statute. Okay. Okay. Thank you, counsel. Counsel, you may respond. Do you have a simple response, Mr. Holder? Take money and cheating on profits? Exactly. Okay. I think the court understands. And I just would like to add this. If you were to give credence to their argument, you would essentially be allowing the review to toll the time. And that's what the court says can be done. And I think we've articulated that in our brief. There's different purposes. We run up against these deadlines, I know, in their brief. They said this benefits respondents. Well, you know, there's times when we look at a case and we think that the permanency has decreased. And we want to file a petition for various reasons. So this impacts us just as much as it does them. In prudent practices, if you're getting close to your time and you have evidence that there may be an increase or decrease, then you file something. And if there isn't, then you don't. And in a case like this, this was filed right after the appellate court's decision. I don't think this is even a legitimate 19-H, if you really look at it. But this is another bite at the apple is all this is. But, again, the law is what it is. The Supreme Court has been clear. Tolling does not come into play. And if you adopt their argument, we're essentially allowing tolling in the back door. And that can't be. I mean, it is bad facts. I mean, I understand what Mr. Gans is saying. Why would I file a 19-H when I've got permanent total? I mean, I understand that. But that is what Big Muddy Cole and Cuneo Press say. Right. And it's not every case. We're only talking about those cases where an award was entered, and there's a situation which would justify an arguable justification for an increase or decrease. It's not every case. As a matter of fact, most cases don't do that. It's a small amount of cases. And two and a half years, I think, reflects the General Assembly's perspective that there is an outside period after which these awards become final. And I think it goes with the entire purpose of the Act is to provide a remedy swiftly. I mean, today we've got probably different terms of what swift means than 100 years ago. But it fits within the concept of getting the matter decided, bringing to a resolution, and allowing the case to move on. The 30-month vows? Thank you. Thank you, Counsel. Counsel may reply. I don't really have much more to add, except this is an unusual situation. Quite frankly, I think it would put an attorney in malpractice to file a 19-H while you have a total permit pending. And I still don't understand why this Court could not say that the June 30, 2011, is the decision that was appealed. It wasn't the decision of February 23, 2010 or January 2009. The appeal that you heard was from the decision of June 11, 2012. I do not understand why that is not a new decision and the last decision of the Commission. So that's my argument. Thank you. Thank you, Counsel. Thank you, Counsel Bolz. Your arguments in this matter will be taken under advisement, and then this position shall issue.